UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JILLIAN LUGO, on behalf of herself and all other
persons similarly situated,

                        Plaintiff,

-against-                                  **COMPLAINT**

PUERTO RICAN FAMILY INSTITUTE, INC.,

                        Defendant.
------------------------------------------------------------------------X

      Plaintiff, JILLIAN LUGO ("Plaintiff"), on behalf of herself and all others similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, PUERTO RICAN FAMILY INSTITUTE, INC., ("PRFI" or "Defendant") alleges as follows:

## NATURE OF THE ACTION

      1.     Plaintiff brings this action against Defendant on behalf of herself all other persons similarly situated under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law") to recover unpaid minimum wages and overtime.

## JURISDICTION AND VENUE

      2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

      3.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §201 et seq.

      4.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391.

## PARTIES

5. Defendant was and still is a domestic corporation duly organized under the laws of New York.

6. At all times relevant, Defendant is an "enterprise engaged in commerce" within the meaning of the FLSA and has had an annual gross volume of sales of not less than $500,000.00.

7. At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" within the meaning of 29 U.S.C. §203. At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. §203(D) and by the NYLL §190(3).

8. At all relevant times, Plaintiff was a non-exempt, employee of the Defendant and an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

## STATEMENT OF FACTS

9. Plaintiff was employed by Defendant as an hourly-paid direct support worker from in or about July 2017 to in or about February 18, 2021. Plaintiff performed non-exempt duties assisting disabled individuals with their activities of daily living.

10. Throughout her employment with Defendants, Plaintiff worked more than 40 hours in a single workweek. For example, during the period November 30, 2020 to December 6, 2020, Plaintiff worked at least 43.20 hours.

11. In determining Plaintiff's wages, Defendant deducted time for breaks and meal periods that Plaintiff did not receive. For example, on December 4, 2020, Plaintiff began work at 9:02 pm and finished work at 8:17 am, but Defendant paid Plaintiff only for 10.75 hours. On

January 29, 2021, Plaintiff began work at 10:56 pm and finished work at 7:30 am, but Defendant only paid Plaintiff for 8 hours.

12. As a result of Defendant's practice of deducting time for breaks that Plaintiff did not receive, Defendant failed to pay Plaintiff at a rate not less than one and one-half times Plaintiff's regular rate of pay for all hours worked after 40 hours in a single workweek.

13. As a further result of Defendant's practice of Defendant's practice of deducting time for breaks that Plaintiff did not receive, Defendant paid Plaintiff less than the basic minimum hourly rate for each hour worked in violation of the FLSA and 12 N.Y.C.R.R. §146-1.2(a)(1)(i)(a).

14. Defendant failed to provide Plaintiff upon hire with written notice of her rate of pay and other information required by Section 195 of the New York State Labor Law.

15. Defendant failed to furnish Plaintiff with an accurate statement with every payment of wages accurately stating the number of regular hours and overtime hours worked in violation of New York Labor Law §195(3).

## COLLECTIVE ACTION ALLEGATIONS

16. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

17. Plaintiff also brings FLSA claims on behalf of herself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who were employed by Defendant as hourly-paid direct support workers time during the three (3) years prior to the filing of their respective consent forms.

18. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interest in bringing this action.

19. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

20. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

21. Plaintiff brings New York Labor Law claims on behalf of herself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as hourly-paid direct support workers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

22. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

23. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

24. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   (a) whether Defendant failed and/or refused to pay the Plaintiff and Class Members overtime for all hours worked after 40 hours in a single workweek;

   (b) whether Defendant failed to pay Plaintiff and Class Members for all compensable time and all hours worked;

   (c) whether Defendant automatically deducted for meal periods that Plaintiff and Class Members did not receive;

   (d) whether Defendant failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

(e) whether Defendant's policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(f) whether Defendant failed to provide Plaintiff and Class Members with a wage notice upon hire, as required by law;

(g) whether Defendant failed to furnish the Plaintiff and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(h) what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

(i) whether Defendant's general practice of failing and/or refusing to pay Plaintiff and Class for all compensable time and overtime wages was done willfully and/or with reckless disregard of the federal and state wage and hour laws.

26. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendants failed to pay Plaintiff and Class Members for all hours worked at the statutory minimum wage and failed to pay overtime at time and one-half the regular rate of pay for all hours worked in excess of 40 hours per workweek. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

27. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

6

28. Plaintiffs has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

29. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

30. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

31. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

32. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT: OVERTIME WAGES

33. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

34. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

35. Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial and is entitled to recovery of such amount, liquidated damages, attorneys' fees and costs pursuant to the FLSA.

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: MINIMUM WAGES

36. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

37. By automatically deducting for meal periods that Plaintiff and Class Members did not receive, Defendants paid Plaintiff and Class Members less than the basic minimum hourly rate for each hour worked in violation of 12 N.Y.C.R.R. §146-1.2(a)(1)(i)(a).

38. By Defendants' failure to pay Plaintiff and Class Members minimum wages for all hours worked they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

39. Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW: OVERTIME WAGES

40.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

41.     By automatically deducting for meal periods that Plaintiff and Class Members did not receive, Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate them for all time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular rate in violation of New York Labor Law.

42.     By Defendants' failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.  Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: WAGE NOTICE

43.     Plaintiff alleges and incorporate by reference all allegations in all preceding paragraphs.

44.     Defendants failed to provide Plaintiff and Class Members upon hire with written of their rate of pay and other information required by New York Labor Law §195(1).

45.     Plaintiff and Class Members are entitled to recover statutory damages from Defendants.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE STATEMENTS

46. Plaintiff alleges and incorporate by reference all allegations in all preceding paragraphs.

47. Defendants failed to furnish Plaintiff and Class Members with an accurate statement with every payment of wages accurately setting forth the number of overtime hours worked as required by New York Labor Law §195(3).

48. Plaintiff and Class Members are entitled to recover statutory damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii.) Unpaid minimum wages, overtime wages, and damages pursuant to New York Labor Law §198, liquidated damages and pre- and post-Judgment interest;

(iii.) Certification of this case as a collective action under 29 U.S.C. §216(b);

(iv.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(v.) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(vi.) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
March 25, 2021

            LAW OFFICE OF PETER A. ROMERO PLLC

            */s Peter A. Romero*
    By: _____
            Peter A. Romero, Esq.
            825 Veterans Highway, Suite B
            Hauppauge, New York 11788
            Tel. (631) 257-5588
            promero@romerolawny.com

            *Attorneys for Plaintiff*

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Puerto Rican Family Institute, Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

*Jillian C. Lugo*

_____                                                  _3|25|2021____
Jillian Lugo                                                       Date